United States District Court

Eastern District of California

Steven Borden,

     Plaintiff,

vs.

High Desert State Prison, et al.,

     Defendants.

Civ. No. S 02-1184 LKK PAN P

Order on Request for Counsel

-oOo-

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action. June 2, 2005, plaintiff moved for appointment of counsel.

In proceedings that do not threaten a litigant with loss of physical liberty, there presumptively is no right to appointed counsel. <u>Lassiter v. Department of Social Services</u>, 452 U.S. 18, 26-27 (1981). Section 1915(e)(1) of Title 28 confers discretion upon the court to request counsel represent an indigent civil

1 | litigant.  Mallard v. District Court, 490 U.S. 296 (1989).
2 |      In deciding whether to appoint counsel the court exercises
3 | discretion governed by a number of factors, including the
4 | likelihood of success on the merits and the applicant's ability
5 | to present his claims in light of their complexity.  Weygandt v.
6 | Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v.
7 | Risley, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the
8 | presumption of regularity in the state's procedures for confining
9 | prisoners suggests a lack of likely success and counsels against
10 | appointment of counsel.  See Maclin v. Freake, 650 F.2d 885, 887
11 | (7th Cir. 1981).  As a general rule, the court will not appoint
12 | counsel unless the applicant shows his claim has merit in fact
13 | and law.  Id.  Even if the applicant overcomes this hurdle, the
14 | court will not appoint counsel if the law is settled and the
15 | material facts are within the plaintiff's possession, viz., they
16 | do not require investigation outside the prison walls.  Id. at
17 | 887-88.
18 |      Here, plaintiff alleges his constitutional rights were
19 | violated when defendant Martin approved confiscation of an
20 | orthopedic device without providing a substitute.  The law
21 | governing this issue is settled and investigation outside the
22 | prison walls is unnecessary to discover material facts.  There
23 | is, on the record before the court, no reason to believe
24 | appointment of counsel would be of significant benefit.
25 | ///
26 | ///

1  Plaintiff's June 2, 2005, request for the appointment of
2 counsel therefore is denied.
3  So ordered.
4  Dated:  October 18, 2005.

```
                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge
```

3